99 F.3d 1141
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pearly L. WILSON, Plaintiff-Appellant,
v.
David SCHWARZ; Carole Shiplevy; Diane Andriano; Vance
Holter; Ron Forrest, Defendants-Appellees.
 No. 96-3264.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1996.
 
 Before: MERRITT, COLE, and GODBOLD*, Circuit Judges.
 
 ORDER
 
 1
 Pearly L. Wilson appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Wilson alleged that the defendants violated his constitutional right to practice his Islamic religion while he was incarcerated at an Ohio state prison. In particular, he alleged that the defendants failed to acknowledge observance of the Islamic holiday of Ramadan on the correct day and that they failed to purchase religious books that he had requested. The district court adopted a magistrate judge's recommendation over Wilson's objections and awarded summary judgment to the defendants on February 22, 1996. It is from this judgment that Wilson now appeals, requesting the appointment of counsel on appeal.
 
 
 3
 We review an order granting summary judgment de novo. Copeland v. Machulis, 57 F.3d 476, 478 (6th Cir.1995) (per curiam). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 4
 The defendants submitted evidence which indicated that they had not substantially burdened or deliberately restricted Wilson's right to practice his religion. It is undisputed that the Ramadan holiday begins when the new moon is first sighted during the ninth month of the Islamic lunar calendar. The defendants' proof indicates that they consult various objective sources to project the date on which the holiday begins. Special meals are also provided to Muslim inmates during Ramadan. Wilson's affidavit primarily indicates that the defendants failed to investigate his disagreement with the date that they had projected for the beginning of Ramadan in 1994. However, this assertion is not sufficient to raise a material issue of fact on the question of whether the defendants took reasonable measures to accommodate the religious needs of Muslim inmates. Likewise, the defendants' proof shows that several texts dealing with the Islamic religion were already available to inmates and that inmate access to free religious material from other sources was not unduly restricted. Thus, the conclusory assertions in Wilson's complaint and affidavits were not sufficient to withstand the defendants' motion for summary judgment. See Moore v. Philip Morris Cos., 8 F.3d 335, 343 (6th Cir.1993).
 
 
 5
 Wilson does not argue the merits of his claims in this appeal. Instead, he maintains that the magistrate judge and the district court judge were biased and that the magistrate judge acted improperly by conducting independent research regarding the beginning of Ramadan. There is nothing in the record that would support Wilson's conclusory assertion of judicial bias. See United States v. Sammons, 918 F.2d 592, 599 (6th Cir.1990). Moreover, the magistrate judge did not act improperly by taking judicial notice of newspaper articles that indicated the start of Ramadan. See Ritter v. Hughes Aircraft Co., 58 F.3d 454, 458 (9th Cir.1995).
 
 
 6
 Accordingly, Wilson's request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation